UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO GONZALEZ,<br>  Plaintiff | 21-CV-755 |
| -vs.- | FIRST AMENDED<br>COMPLAINT |
| L. WELLENSTEIN, T. MCQUADE, C. GUBLO,<br>M. GUBLO, AND J. GUNTER,<br>  Defendants. | |

Plaintiff, by his attorney Gary D. Borek, complaining of defendants, alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1.   This is a civil rights action brought by Plaintiff Alberto Gonzalez against New York State correctional sergeant Wellenstein, and correctional officers T. McQuade, C. Gublo, M. Gublo, and J. Gunter in their individual capacities for (A) the wanton, unnecessary, and excessive force used by Defendant correctional officers T. McQuade, C. Gublo, M. Gublo, and J. Gunter against Plaintiff on February September 30, 2019, (B) in the alternative, as to Defendant correctional officers T. McQuade, C. Gublo, M. Gublo, and J. Gunter, their failure to protect Plaintiff from, and to intervene to prevent, the wanton, unnecessary, and excessive force used against Plaintiff by the other defendants, (C) Defendant correctional sergeant Wellenstein's failure to protect Plaintiff from, and to intervene to prevent, the wanton, unnecessary, and excessive force used against Plaintiff by the other defendants, and (D) Defendant correctional sergeant Wellenstein's deliberate indifference to Plaintiff's serious medical needs, and (E) Defendant correctional sergeant Wellenstein's wanton, unnecessary, and excessive force used against

Plaintiff in an elevator, all committed by defendants under color of state law and in violation of Plaintiff's rights under the Eighth, and Fourteenth Amendments to the U.S. Constitution.

## JURISDICTION

2. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

## VENUE

3. Venue is proper in the U.S. District Court for the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims took place therein.

## THE PARTIES

4. At all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

5. At all times herein mentioned, except as specifically stated otherwise, Plaintiff was an inmate at the Elmira Correctional Facility, in Elmira, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision ("DOCCS").

6. Upon information and belief, at all times herein mentioned, defendant CORRECTIONAL SERGEANT WELLENSTEIN ("CS Wellenstein") was and is a citizen of the State of New York.

7. At all times herein mentioned, defendant CS Wellenstein was a corrections officer employed at Elmira Correctional Facility by DOCCS.

8. At all times herein mentioned, defendant CS Wellenstein was acting within the course and scope of his employment as a DOCCS corrections officer.

9. At all times herein mentioned, defendant CS Wellenstein was acting under color of state law.

10. Upon information and belief, at all times herein mentioned, defendant CORRECTIONAL OFFICER THOMAS MCQUADE ("CO T. McQuade") was and is a citizen of the State of New York.

11. At all times herein mentioned, Defendant CO T. McQuade was a corrections officer employed at Elmira Correctional Facility by DOCCS.

12. At all times herein mentioned, Defendant CO T. McQuade was acting within the course and scope of his employment as a DOCCS corrections officer.

13. At all times herein mentioned, Defendant CO T. McQuade was acting under color of state law.

14. Upon information and belief, at all times herein mentioned, defendant CORRECTIONAL OFFICER C. GUBLO ("CO C. Gublo"), was and is a citizen of the State of New York.

15. At all times herein mentioned, Defendant CO C. Gublo was a corrections officer employed at Elmira Correctional Facility by DOCCS.

16. At all times herein mentioned, Defendant CO C. Gublo was acting within the course and scope of his employment as a DOCCS corrections officer.

17. At all times herein mentioned, Defendant CO C. Gublo was acting under color of state law.

18. Upon information and belief, at all times herein mentioned, defendant CORRECTIONAL OFFICER M. GUBLO ("CO M. Gublo"), was and is a citizen of the State of New York.

19. At all times herein mentioned, Defendant CO M. Gublo was a corrections officer employed at Elmira Correctional Facility by DOCCS.

20. At all times herein mentioned, Defendant CO M. Gublo was acting within the course and scope of his employment as a DOCCS corrections officer.

21. At all times herein mentioned, Defendant CO M. Gublo was acting under color of state law.

22. Upon information and belief, at all times herein mentioned, defendant CORRECTIONAL OFFICER J. GUNTER. ("CO J. Gunter") was and is a citizen of the State of New York.

23. At all times herein mentioned, Defendant CO J. Gunter was a corrections officer employed at Elmira Correctional Facility by DOCCS.

24. At all times herein mentioned, Defendant CO J. Gunter was acting within the course and scope of his employment as a DOCCS corrections officer.

25. At all times herein mentioned, Defendant CO J. Gunter was acting under color of state law.

26. Defendants CS Wellenstein, CO T. McQuade, CO C. Gublo, CO M. Gublo, and CO J. Gunter are being sued in their individual capacities with respect to monetary damages sought by Plaintiff.

## FACTS

27. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. On September 30, 2019 Plaintiff engaged in a verbal argument with defendant CS Wellenstein.

29. Plaintiff attempted to prevent defendants from entering his cell to extract Plaintiff therefrom.

30. Defendant CO J. Gunter deployed a chemical agent against Plaintiff without cause or necessity.

31. Defendant CO J. Gunter used his baton to repeatedly strike Plaintiff on the left shoulder and left elbow without cause or necessity.

32. Said actions by Defendant CO J. Gunter were wanton, unnecessary, and excessive use of force, and were unnecessary to maintain order.

33. Said actions by Defendant CO J. Gunter caused Plaintiff to suffer significant and serious physical injuries, including loss of sight, burning eyes, pain, and severely restricted ability to breath.

34. After Plaintiff was sprayed with a chemical agent, Plaintiff laid face down on his cot suffering from the effects of the deployment of the chemical agent and the striking with a baton.

35. While Plaintiff was lying face down on his cot suffering from the injuries caused by the physical force and deployment of a chemical agent against Plaintiff, Defendants CO T. McQuade, CO C. Gublo, CO M. Gublo, and CO J. Gunter entered the cell, physically restrained Plaintiff, and handcuffed Plaintiff's hands behind his back.

36. After Plaintiff was secured, restrained, and subdued, and offering no further resistance, defendants CO T. McQuade, CO C. Gublo, CO M. Gublo, and CO J. Gunter continued to beat Plaintiff with their batons for a period of 3 to 5 minutes, causing Plaintiff to suffer serious physical injuries including but not limited to abrasions to his back, neck, left shoulder, and chest, bruising on his face, head, chest and abdomen, injury to his spine, and injury to his eye and impairment of his sight.

37. Said beating was a wanton, unnecessary, and excessive use of force, and was unnecessary to maintain order, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

38. Defendant CS Wellenstein witnessed said beating of Plaintiff, had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force, and had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force, but failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

39. Defendant CO T. McQuade witnessed said beating of Plaintiff, had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force, and had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force, but failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

40. Defendant CO C. Gublo witnessed said beating of Plaintiff, had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the

force, and had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force, but failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

41.     Defendant CO M. Gublo witnessed said beating of Plaintiff, had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force, and had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force, but failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff

42.     Defendant CO J. Gunter witnessed said beating of Plaintiff, had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force, and had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force, but failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff

43.     The wanton, unnecessary, and excessive use of force against Plaintiff caused serious injury including abrasions to his back, neck, left shoulder, and chest, bruising on his face, head, chest and abdomen, injury to his spine, and injury to his eye and impairment of his sight, all of which needed immediate medical attention.

44.     After removing Plaintiff from the cell, he was taken to the landing of the second floor where he was once again subjected to punches to his abdomen and the back of his head, causing further serious and significant injury needing immediate medical attention.

45.     Plaintiff was bleeding and unable to support his own weight or walk on his own.

46. Plaintiff continually complained of being unable to see and breath because of the effects of the chemical spray, and continually complained of extreme pain from his injuries.

47. Said complaints were ignored by the Defendants.

48. Despite the obvious medical attention needed by Plaintiff, Defendants dragged Plaintiff to the special housing unit instead of the infirmary.

49. Plaintiff was unable to walk or see in the course of being dragged to the special housing unit.

50. Upon arriving at the special housing unit Plaintiff was placed in a holding cell awaiting the arrival of the special housing unit Sargent in charge thereof.

51. While waiting in the holding cell, Plaintiff continually complained of his injuries and the effects of the chemical spray causing him pain and suffering.

52. Such complaints were ignored by the Defendants.

53. When the Sargent in charge of the special housing unit arrived, he told Defendants that Plaintiff could not be accepted at the special housing unit because of Plaintiff's physical condition, and he directed the Defendants to take Plaintiff to the infirmary for immediate medical attention.

54. Plaintiff was then taken to the infirmary, still unable to walk or see because of the physical injuries and effects of the chemical spray.

55. While in the elevator to the infirmary Defendant CS Wellenstein threatened to harm Plaintiff if Plaintiff told the infirmary nurse that the Defendants had caused his injuries.

56. While in the elevator to the infirmary, defendant CS Wellenstein slammed Plaintiff's head against the back wall of the elevator, causing additional pain, injury, and suffering for Plaintiff.

57. At the infirmary Plaintiff's injuries were photographed and a neck brace was placed on Plaintiff.

58. Plaintiff was suffering extreme pain in his ribs, shoulder, neck, back, face, and eye, and was having difficulty breathing and seeing, and could not walk.

59. Plaintiff's injuries were series enough to require that he be transported to the emergency room of Arnot Ogden Medical Center, Elmira, NY.

60. Plaintiff had to be carried out of Elmira Correctional Facility on a gurney because he could not stand or walk due to his injuries.

61. After being examined at Arnot Ogden Medical Center, Elmira, NY, Plaintiff was given pain medication that put him to sleep, and he was transported to Upstate Medical Center where he was admitted and treated for a period of two days.

62. Plaintiff's injuries included, but were not limited to abrasions to his back, neck, left shoulder, and chest, bruising on his face, head, chest and abdomen, bruised ribs, injury to his spine, and injury to his eye and impairment of his sight.

63. Plaintiff continued to suffer pain and mobility restrictions from the injuries for several months thereafter and continues to suffer vision problems from the injuries.

64. Plaintiff filed grievances regarding the foregoing incidents. The grievances were denied.

65. Plaintiff appealed the denial of his grievances, but the appeals were also denied.

66. Plaintiff has exhausted his administrative remedies.

## FIRST CAUSE OF ACTION

**(Section 1983 Claim against CO J. Gunter for excessive use of force before entering Plaintiff's cell)**

67. Plaintiff repeats and realleges every allegation set forth above as though fully set forth at length herein.

68. Defendant CO J. Gunter's use of the chemical agent before entering Plaintiff's cell were wanton, unnecessary, and excessive to maintain order as Plaintiff had stepped away from the cell bars and was no longer blocking entry into his cell.

69. Defendant CO J. Gunter's use of the chemical agent before entering Plaintiff's cell was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

70. Said actions by Defendant CO J. Gunter caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## SECOND CAUSE OF ACTION

**(Section 1983 Claim against CO T. McQuade for Excessive use of force after Plaintiff was secured, subdued, and not resisting)**

71. Plaintiff repeats and realleges every allegation set forth above as though fully set forth at length herein.

72. Defendant CO T. McQuade's assault and battery of Plaintiff after Plaintiff had been secured, restrained, and subdued was wanton, unnecessary, and excessive to maintain order.

73. Defendants CO T. McQuade's assault and battery of Plaintiff after Plaintiff had been secured and subdued was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

74. Said actions by Defendants CO T. McQuade caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

### THIRD CAUSE OF ACTION

**(Section 1983 Claim against CO C. Gublo for Excessive use of force after Plaintiff was secured, subdued, and not resisting)**

75. Plaintiff repeats and realleges every allegation set forth above as though fully set forth at length herein.

76. Defendant CO C. Gublo's assault and battery of Plaintiff after Plaintiff had been secured, restrained, and subdued was wanton, unnecessary, and excessive to maintain order.

77. Defendant CO C. Gublo's assault and battery of Plaintiff after Plaintiff had been secured and subdued was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

78. Said actions by Defendant CO C. Gublo caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

### FOURTH CAUSE OF ACTION

**(Section 1983 Claim against CO M. Gublo for excessive use of force after Plaintiff was secured, subdued, and not resisting)**

79. Plaintiff repeats and realleges every allegation set forth above as though fully set forth at length herein.

80. Defendant CO M. Gublo's assault and battery of Plaintiff after Plaintiff had been secured, restrained, and subdued was wanton, unnecessary, and excessive to maintain order.

81. Defendant CO M. Gublo's assault and battery of Plaintiff after Plaintiff had been secured and subdued was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

82. Said actions by Defendant CO M. Gublo caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

### FIFTH CAUSE OF ACTION

**(Section 1983 Claim against CO J. Gunter for excessive use of force after Plaintiff was secured, subdued, and not resisting)**

83. Plaintiff repeats and realleges every allegation set forth above as though fully set forth at length herein.

84. Defendant CO J. Gunter's assault and battery of Plaintiff after Plaintiff had been secured, restrained, and subdued was wanton, unnecessary, and excessive to maintain order.

85. Defendant CO J. Gunter's assault and battery of Plaintiff after Plaintiff had been secured, restrained, and subdued was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

86. Said actions by Defendant CO J. Gunter's caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## SIXTH CAUSE OF ACTION

### (CS Wellenstein's failure to intercede or prevent beating)

87. Defendant CS Wellenstein witnessed said beating of Plaintiff after Plaintiff had been secured, restrained, and subdued in his cell.

88. Defendant CS Wellenstein was the supervising or commanding officer at the scene of the beating of Plaintiff after Plaintiff had been secured, restrained, and subdued in his cell.

89. The wanton, unnecessary, and excessive use of force continued for 3 to 5 minutes.

90. Defendant CS Wellenstein could observe that Plaintiff was secured, restrained, subdued, and offering no resistance.

91. Defendant CS Wellenstein had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force being used against Plaintiff.

92. Defendant CS Wellenstein had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force being used against Plaintiff.

93. Defendant CS Wellenstein failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

94. Said failure by Defendant CS Wellenstein was a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

95. Said failure by Defendant CS Wellenstein caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## SEVENTH CAUSE OF ACTION

**(In the alternative, CO T. McQuade's failure to intercede or prevent beating)**

96. Defendant CO T. McQuade witnessed said beating of Plaintiff after Plaintiff had been secured, restrained, and subdued in his cell.

97. Defendant CO T. McQuade had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force being used against Plaintiff.

98. Defendant CO T. McQuade had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force being used against Plaintiff.

99. Defendant CO T. McQuade failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

100. Said failure by Defendant CO T. McQuade was a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

101. Said failure by Defendant CO T. McQuade caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## EIGHTH CAUSE OF ACTION

**(In the alternative, CO C. Gublo's failure to intercede or prevent beating)**

102. Defendant CO C. Gublo witnessed said beating of Plaintiff after Plaintiff had been secured, restrained, and subdued in his cell.

103. Defendant CO C. Gublo had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force being used against Plaintiff.

104. Defendant CO C. Gublo had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force being used against Plaintiff.

105. Defendant CO C. Gublo failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

106. Said failure by Defendant CO C. Gublo was a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

107. Said failure by Defendant CO C. Gublo caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## NINTH CAUSE OF ACTION

**(In the alternative, CO M. Gublo's failure to intercede or prevent beating)**

108. Defendant CO M. Gublo witnessed said beating of Plaintiff after Plaintiff had been secured, restrained, and subdued in his cell.

109. Defendant CO M. Gublo had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force being used against Plaintiff.

110. Defendant CO M. Gublo had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force being used against Plaintiff.

111. Defendant CO M. Gublo failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

112. Said failure by Defendant CO M. Gublo was a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

113. Said failure by Defendant CO M. Gublo caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## TENTH CAUSE OF ACTION

### (In the alternative, CO J. Gunter's failure to intercede or prevent beating)

114. Defendant CO J. Gunter witnessed said beating of Plaintiff after Plaintiff had been secured, restrained, and subdued in his cell.

115. Defendant CO J. Gunter had a reasonable opportunity to realize the wanton, unnecessary, and excessive nature of the force being used against Plaintiff.

116. Defendant CO J. Gunter had a reasonable opportunity to intercede to prevent the wanton, unnecessary, and excessive use of force being used against Plaintiff.

117. Defendant CO J. Gunter failed to intercede or direct the other defendants to stop the wanton, unnecessary, and excessive use of force against Plaintiff.

118. Said failure by Defendant CO J. Gunter was a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

119. Said failure by Defendant CO J. Gunter caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## ELEVENTH CAUSE OF ACTION

### (Defendants continued beating of Plaintiff on second-floor landing)

120. Defendants continued their assault and battery of Plaintiff after Plaintiff had been secured, restrained, subdued, and moved to the second-floor landing.

121. Defendants' continued assault and battery of Plaintiff after Plaintiff had been secured, restrained, subdued, and moved to the second-floor landing was wanton, unnecessary, and excessive to maintain order.

122. Defendants' continued assault and battery of Plaintiff after Plaintiff had been secured, restrained, subdued, and moved to the second-floor landing was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

123. Said actions by Defendants caused Plaintiff to suffer serious and significant physical injury, great pain, as well as mental and emotional distress.

## TWELFTH CAUSE OF ACTION

### (Defendant Wellenstein's disregard of Plaintiff's medical needs)

124. Defendant CS Wellenstein ignored Plaintiff's injuries and complaints of pain and suffering, and of being unable to breath and walk, immediately after the Plaintiff was extracted from his cell.

125. Plaintiff's injuries and condition were plainly obvious to Defendant Wellenstein.

126. Plaintiff's injuries and condition were significant and serious enough that when he was eventually seen by a nurse, he received immediate first aide and was transported to an emergency room of a local hospital in Elmira, New York, where it was determined he need to be taken to the Upstate Medical Trauma Center in Syracuse, New York

127. Instead of taking Plaintiff to the infirmary for the immediate medical attention needed by Plaintiff, Defendant Wellenstein attempted to have Plaintiff placed in the Special Housing Unit, causing Plaintiff's injuries and condition to worsen, and causing Plaintiff to suffer additional pain and injury along the way.

128. When the Sargent of the Special Housing Unit observed Plaintiff, the Sargent was able to readily recognize that Plaintiff needed immediate medical care.

129. The failure to provide Plaintiff immediate medical care caused Plaintiff to suffer physical pain, physical damage, and mental distress

130. Such suffering was plainly obvious to Defendant Wellenstein.

131. Defendant CS Wellenstein's deliberate indifference to Plaintiff's need for immediate medical care, was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

132. Defendant CS Wellenstein's failure to render any medical care was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

133. Defendant CS Wellenstein's failure to take Plaintiff to the infirmary so that others could render the needed immediate medical care was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

## THRITEENTH CAUSE OF ACTION

### (Defendant Wellenstein's use of excessive force in the elevator)

134. Defendant CS Wellenstein, without cause or justifiable reason, slammed Plaintiff's forehead into the wall of the elevator while taking Plaintiff to the infirmary, causing Plaintiff to suffer additional serious and significant injury and pain.

135. Said action by Defendant CS Wellenstein was wanton, unnecessary, and excessive to maintain order.

136. Said action by Defendant CS Wellenstein was wanton, malicious, and solely intended to cause serious harm and injury to Plaintiff, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

## JURY DEMAND

137. Plaintiff demands trial before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this court:

1. Award Plaintiff compensatory and punitive damages against Defendants in an amount to be determined at trial.

2. Award Plaintiff costs and attorney fees in this suit.

3. Grant any and all other relief to which Plaintiff is entitled.

| | |
|---|---|
| Date: July 21, 2022 | Respectfully submitted,<br><br>s/ Gary D. Borek<br>Gary D. Borek<br>Attorney at Law<br>99 Victoria Blvd.<br>Cheektowaga, NY 14225-4321<br>Telephone No.: (716) 839-4321<br>Email: gary@8394321.com<br>*Attorney for Plaintiff* |

TO:

| | |
|---|---|
| Cheryl Meyers Buth<br>Meyers Buth Law Group PLLC<br>21 Princeton Place<br>Orchard Park, NY 14127<br>716-508-8598<br>Email: cmbuth@mblg.us<br><br>*Attorney for Defendants Wellenstein, C. Gublo, M. Gublo, and J. Gunter* | Michael J. Russo<br>New York State Attorney General's Office<br>Main Place Tower<br>Suite 300A<br>350 Main Street<br>Buffalo, NY 14202<br>716-853-8479<br>Fax: 716-853-8571<br>Email: michael.russo@ag.ny.gov<br><br>*Attorney for Defendant T. McQuade* |

Stephanie Joy Calhoun
New York State Attorney General
Main Place Tower
Suite 300A
350 Main Street
Buffalo, NY 14202
716-853-8444
Email: stephanie.calhoun@ag.ny.gov

*Attorney for Defendant Wellenstein*